


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CONNIE SNYDER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. 2:15-cv-01262-HGD |
| | ) | |
| CHILDREN'S SERVICES, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM OPINION AND DISMISSAL ORDER**

Defendant Children's Services, Inc. (CSI), has filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment and a Renewed Motion to Dismiss or in the Alternative Motion for Summary Judgment.[1] (Docs. 6 & 21). Plaintiff has filed a response to the motion. (Doc. 23). The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

Plaintiff commenced this action by filing a complaint on July 27, 2015, against CSI and Thomas Pardee. (Doc. 1, Complaint). She asserts a Title VII claim, based on alleged sexual harassment and retaliation, against CSI (Counts I and II). She also

---

[1] Because matters outside the pleadings have been considered by the court and not excluded, the defendant's motion has been treated as a motion for summary judgment. *See* Fed.R.Civ.P. 12(d). Plaintiff was afforded the opportunity to conduct discovery on the issue raised by defendant before filing her response to the summary judgment motion. *See* Doc. 17.

asserts state law claims of invasion of privacy, assault and battery, and outrage against Pardee and CSI (as Pardee's employer) (Counts III, IV and V), as well as a state law claim against CSI for negligent and/or wanton training, supervision, and/or retention (Count VI).

CSI seeks summary judgment in its favor on the Title VII claims, on the ground that it did not at any time encompassed in plaintiff's complaint employ 15 or more employees and, therefore, is not an "employer" for purposes of Title VII. *See* 42 U.S.C. § 2000e(b). Plaintiff has responded, after discovery, that she does not oppose the summary judgment motion. Therefore, it is ORDERED that CSI's motion for summary judgment with regard to the Title VII claims asserted in Counts I and II of plaintiff's complaint is GRANTED, and Counts I and II of the complaint are DISMISSED WITH PREJUDICE.

With regard to the remaining state law claims over which this court has supplemental jurisdiction, 28 U.S.C. § 1367 provides in relevant part:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a)[2] if—
>
> * * * * *

[2] Subsection (a) of 28 U.S.C. § 1367 refers to claims over which the district court has original jurisdiction, such as the Title VII claims in this action.

> (3) the district court has dismissed all claims over which it has original jurisdiction, . . . .
>
> (d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

28 U.S.C. § 1367(b)(3) and (d). After consideration of the state law claims (Counts III through VI), the Court DECLINES to exercise supplemental jurisdiction over these claims and they are DISMISSED WITHOUT PREJUDICE.[3] In dismissing these claims without prejudice, the Court finds that the limitations period for the state law clams has been tolled during their pendency in this court and will remain tolled for a period of 30 days from the date of entry of this order.

DONE and ORDERED this 21st day of March, 2016.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE

[3] Plaintiff has suggested that this court remand the state law claims to the Circuit Court of Calhoun County. However, because the action was not filed there originally and then removed to federal court, the remaining claims cannot be remanded to that state court. Instead, they must be dismissed without prejudice.